ATTORNEY GRIEVANCE COMMISSION OF
MARYLAND *v.* LeROY A.
COOPER

[Misc. Docket (Subtitle BV) No. 10, September Term, 1976.]

*Decided March 4, 1977.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, JJ.

*John Addison Howard, Assistant Bar Counsel,* for petitioner.

*James W. McAllister* for respondent.

## ORDER

The three judge panel having found respondent guilty of violating the Code of Professional Responsibility as set forth in the panel's opinion, herewith attached, for which Maryland Rule BV11 a 1 requires a recommendation of either disbarment, suspension or reprimand; and

The panel having further found that respondent's misconduct resulted from his inability to render adequate legal service "by reason of mental or physical illness or infirmity, or addiction to or dependence upon an intoxicant or drug"; and

The panel having stated that respondent's "incompetency continues at this time" and it having recommended that respondent be placed on inactive status as provided for in Maryland Rule BV11 a 2; and

The Court having carefully considered the opinion of the panel and its recommendation, together with the reasons assigned at oral argument as a result of the Court's order that respondent show cause why he should not be disbarred or suspended; it is this 4th day of March, 1977.

ORDERED, by the Court of Appeals of Maryland, that LeRoy A. Cooper be, and he is hereby, suspended from the practice of law for an indefinite period; and it is further

ORDERED that the clerk of this Court shall strike the name of LeRoy A. Cooper from the register of attorneys in this Court and certify that fact to the Trustees of the

Clients' Security Trust Fund and the clerks of all judicial tribunals in the State in accordance with Rule BV 13.

/s/ Robert C. Murphy

/s/ Frederick J. Singley, Jr.

/s/ Marvin H. Smith

/s/ J. Dudley Digges

Filed: March 4, 1977                    /s/ Irving A. Levine

/s/ James C. Norris, Jr.
—————————————              /s/ John C. Eldridge
Clerk

Court of Appeals of Maryland  /s/ Charles E. Orth, Jr.

## MEMORANDUM AND RECOMMENDATION

Pursuant to Maryland Rule BV9, the Court of Appeals of Maryland designated the undersigned judges as a panel for the hearing of charges of professional misconduct brought against the Respondent by the Attorney Grievance Commission of Maryland. Hearings were held before the panel on November 3, 1976 and December 1, 1976.

### Findings of Fact

LeRoy A. Cooper, who was admitted to the Bar of this State in 1950, conducted two real estate settlements for Mr. and Mrs. Paul Brown of Baltimore, Maryland on September 29, 1973 and October 22, 1973 respectively. The Browns had been referred to the Respondent by Isaac Bristow, a real estate broker, who was instrumental in effecting the sales of the properties being settled. Both settlements took place at Bristow's office at 2025 West North Avenue.

On September 29, 1973, the sale of 1019 North Caroline Street was settled. The Respondent prepared the settlement sheet for this transaction and prepared the deed effecting the transfer which he recorded for Paul Brown on November 9, 1973. The settlement sheet does not accurately reflect the money exchanged at settlement in that it indicates the sum of $207.70 was due the seller, when in fact the seller received from the purchaser the sum of $299.00 in monetary benefits,

as reflected in a receipt therefor executed by the seller which was prepared at settlement by the Respondent. Also, $51.00 was charged the parties by the Respondent for the cost of recording, documentary stamps, and transfer taxes, although the actual cost of these items, paid by the Respondent at the time of recording the deed, was only $17.40. In numerous other respects the settlement sheet was incompetently prepared. The buyer at settlement paid $200.00 in cash to the Respondent, of which $87.80 was to be applied by the Respondent to the payment of an accrued water bill for the property as reflected on the settlement sheet. Respondent failed to pay the water bill and the buyer was required to pay this bill to the City of Baltimore in February, 1974, when he and his family were confronted with the delinquent account which they had assumed was satisfied from the settlement proceeds. Respondent testified that none of the monies received by him at the settlement was ever deposited in his own checking account or in any escrow account maintained by him.

The deed for 1019 North Caroline Street was not recorded by the Respondent until 41 days after its execution and was never delivered to the buyer by the Respondent despite the buyer's repeated requests for the same.

On October 22, 1973, settlement for the sale of 1019 Valley Street by Mr. and Mrs. Paul Brown to Mr. and Mrs. Donald Lawson was conducted by the Respondent. The Lawsons had agreed to purchase the property for $4,500.00, $3,984.00 of which was to be secured by a purchase money mortgage in favor of the Browns. At settlement Respondent received a $500.00 check on behalf of the sellers. The Respondent disbursed no funds at settlement but rather gave one of the sellers, Paul Brown, a receipt for $363.00 with a notation that $337.00 was due seven days from that date. This $337.00 apparently represented the net amount to the seller after deduction of their settlement allowances and expenses, and the delayed payment contemplated clearance by the drawee bank of the check proffered by the buyers at settlement. Respondent never paid the sellers any part of the $337.00 due them. We reject as incredible the Respondent's

suggestion that the $337.00 represented an amount due the buyers or Respondent from the sellers over and above the $500.00 which was delivered by the buyer at settlement. The Respondent has failed to produce any written record of this settlement notwithstanding the summons issued to him requiring the production of all his files in connection with this transaction at the hearing. Respondent's excuse for the non-production, that his records are in the possession of the broker, Bristow, did not relieve him, in our opinion, of his responsibility to retrieve these files for production to this panel or at least to substantiate their whereabouts by testimony from Bristow or others.

None of the money received by the Respondent at settlement was ever deposited in his checking account or in any escrow account maintained by him. The deed and the purchase money mortgage which Respondent prepared to consummate the settlement were not recorded until November 9, 1973, and the mortgage was never delivered to Mr. and Mrs. Brown by Respondent despite their repeated requests for the same.

The balance of the charges preferred against the Respondent grow out of his handling of the estate of Addie T. Young, late of Baltimore, Maryland. When this testatrix died on March 6, 1972, she was seized of a one-third undivided interest in the leasehold property at 1646 Moreland Avenue as a tenant in common with her daughter, Audra Hawkins, who then possessed a two-thirds undivided interest therein. (The property was originally acquired in 1963 by Mrs. Young, Mrs. Hawkins and Beatrice Banks, sister of Mrs. Hawkins, as tenants in common; on December 3, 1971, Mrs. Banks conveyed her undivided one-third interest to Mrs. Hawkins.) Under the will of Mrs. Young, her one-third undivided interest was bequeathed to Mrs. Banks and Mrs. Hawkins, "share and share alike". In July of 1973, Audra Hawkins retained the Respondent to effect the transfer to her of the one-sixth interest in the above mentioned leasehold property that had been bequeathed to her sister, Mrs. Banks, and to perfect the bequest of the other one-sixth interest therein to her under Mrs. Young's

will. The Respondent was nominated as the executor in this will but took no steps to probate the will until he was retained by Mrs. Hawkins some one year and four months after the death of Mrs. Young.

Apparently because the typed will gave the appearance of a signed carbon copy rather than a ribbon copy, administrative probate was rejected by the Register of Wills of Baltimore City, and the Respondent filed his Petition for Judicial Probate on September 21, 1973. Code, Courts Article, § 5-402. After a hearing on October 24, 1973, the Orphans Court concluded that the Will offered for probate was an original, not a copy, and was in fact the Last Will and Testament of Mrs. Young. The Court appointed the Respondent as personal representative and set the amount of his bond at $2,000.00. The Respondent filed his bond on the same day but never has taken any further steps to complete the administration.

On July 13, 1973, Mrs. Hawkins, in Respondent's presence, paid Mrs. Banks $650.00 for her one-sixth interest in 1646 Moreland Avenue. Respondent evidenced this transfer of cash by executing a receipt for the $650.00 in favor of Mrs. Hawkins. At that time Respondent demanded and received either $40.00 or $60.00 from Mrs. Banks as a "finder's fee" or "commission". On July 31, 1973, Mrs. Hawkins paid the Respondent $20.00 and on August 13, 1973 paid him $10.00 on account of expenses in connection with the administration of the Young estate and the perfection of her legal title to a 100% interest in 1646 Moreland Avenue. These funds were never paid into any special account for the estate or in fact into any bank account — the funds are unaccounted for in any way by the Respondent.

In November, 1974, the Respondent began the preparation of a deed from himself as personal representative of the estate of Addie T. Young to Mrs. Hawkins but this document was never completed, nor as noted above was the work in administering the estate required as a condition to its valid execution ever completed.

*Conclusions of Law*

From these findings of fact, we conclude:

1. That the Respondent violated the Code of Professional Responsibility D.R. 1-102A (3), (4), (5) and (6) in misappropriating the difference between the amounts he charged for recording, documentary stamps, and transfer taxes, and the amounts which he paid for these items and in failing to pay the water bill with the funds entrusted to him in connection with his settlement of 1019 N. Caroline Street; and in misappropriating $337.00 due the buyers of 1019 Valley Street, which funds were entrusted to him as the attorney who conducted the settlement thereof; and in misappropriating $30.00 entrusted to him by Audra Hawkins on account of the expenses of administering the estate of Addie T. Young, deceased, and in perfecting legal title to Mrs. Hawkins as to a 100% interest in the leasehold property known as 1646 Moreland Avenue.

2. That the Respondent violated the Code of Professional Responsibility D.R. 6-101 (A) (2) and (3) in incompetently preparing the settlement sheet to evidence his transfer of 1019 N. Caroline Street and in failing to deliver the deed to that property to the buyer after recording; and in failing to deliver the mortgage which he prepared for the seller of 1019 Valley Street following the settlement which he conducted for the sale of that property; and in failing to complete the administration of the estate of Addie T. Young, deceased, after having been appointed personal representative thereof by the Orphans Court of Baltimore City.

3. That the Respondent violated the Code of Professional Responsibility D.R. 9-102 (A) and (B) (3) and (4) in failing to deposit funds received at settlement of 1019 N. Caroline Street and 1019 Valley Street in identifiable bank accounts maintained by him as the attorney conducting those sales; and in failing to maintain complete records of the settlements which he conducted for the sales of 1019 N. Caroline Street and 1019 Valley Street.

### Recommendation

In recommending a sanction in this case we have considered the condition of the respondent's health during the period of the misconduct of which we have found him culpable, which period extended from July, 1973 up until the present time.

Cf. *Bar Ass'n of Balto. City v. Siegel,* 275 Md. 521 (1975); *Maryland St. Bar Ass'n v. Callanan,* 271 Md. 554 (1974).

We have no doubt that the physical infirmities which are described in the medical records of his admissions to Lutheran Hospital of Maryland, Bon Secours Hospital, and the Veterans Hospital in Baltimore, Maryland, have been materially contributed to by his chronic alcoholism which substantially pre-dates the misconduct in question. As those medical records disclose, he has been repeatedly hospitalized since July, 1972 with abuse of alcohol always present as one of the contributing causes to the illness which required his inpatient treatment. His appearance and demeanor as a witness before us confirms the disintegration of his mind and body which has followed this alcohol abuse.

Because we believe his misconduct was principally the result of his inability to render, ". . . adequate legal service by reason of mental or physical illness or infirmity, or addiction to or dependence upon an intoxicant or drug", and because we are convinced that this incompetency continues at this time we recommend this 8th day of December, 1976, that the respondent be placed on an inactive status as provided for in Maryland Rule BV11 a 2.

/s/ Joseph C. Howard

/s/ Robert L. Karwacki

/s/ Martin B. Greenfeld