# ATTORNEY GRIEVANCE COMMISSION OF MARYLAND *v.* ROBBIN JAMES BONNIN

[Misc. (BV) No. 1, September Term, 1982.]

*Decided October 21, 1982.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

*Melvin Hirshman, Bar Counsel,* with whom was *Kendall R. Calhoun, Assistant Bar Counsel,* on the petition, for petitioner.

No appearance for respondent.

PER CURIAM:

The Attorney Grievance Commission, acting through Bar Counsel, filed a petition for Disciplinary Action, pursuant to Maryland Rule BV9, against Robbin James Bonnin, alleging violations of the Disciplinary Rules of the Code of Professional Responsibility. The matter was referred to Judge John J. Mitchell of the Circuit Court for Montgomery County to make findings of fact and conclusions of law pursuant to Maryland Rule BV10. After an evidentiary hearing, Judge Mitchell made the following findings of fact and conclusions of law.[1]

"1. The Respondent was retained by Mr. and Mrs. Robert Yearick to handle the settlement of the property they were purchasing from S. M. Moyer Construction, Ltd.

"2. On September 6, 1977, the Respondent conducted the settlement of this matter.

"3. The Respondent was the secretary of the selling corporation during the course of his representation of the buyers.

---

[1] Bonnin did not appear at the hearing. Bar Counsel submitted his case, relying upon a series of requests for admissions of fact to which Bonnin failed to respond.

"4. Respondent failed to follow instructions he had received from the lender, First Federal Savings and Loan Association of Annapolis, thereby necessitating the return of certain documents to him for correction.

"5. These documents were returned by letter dated November 22, 1977, which advised Respondent that a balance was due and owing to the lender due to certain incorrect charges on the settlement sheet.

"6. Respondent received said letter on November 23, 1977, as evidenced by a signed, certified mail receipt for same.

"7. Respondent failed to make the necessary corrections.

"8. The checks originally drawn on the Respondent's fiduciary account to the order of First Federal Savings and Loan were not negotiated and thus the funds due to the lender remained in the Respondent's account until withdrawn by him.

"9. Said funds have never been properly disbursed.

### "Conclusions of Law

"1. The Respondent violated: Disciplinary Rule 1-102 (A) (3) (4) (5) and (6) in that he misappropriated the proceeds of the settlement while acting in a fiduciary capacity, commingled them with his own, and has failed to properly disburse said funds. The misappropriation of the settlement proceeds entrusted to him constitutes conduct demonstrating moral turpitude, conduct involving dishonesty, fraud, deceit, or misrepresentation, conduct prejudicial to the administration of justice, and conduct reflecting adversely upon his fitness to practice law. *Attorney Grievance Commission v. Pattison,* 292 Md. 599, 441 A.2d 328 (1982); *Attorney Grievance Commission v. Burka,* 292 Md. 221, 438 A.2d 514 (1981).

"2. The Respondent violated: Disciplinary Rule 5-101 (A) in that he was retained by the Yearicks to handle the settlement of the property they were purchasing and at the same time he was secretary of the selling corporation.

"3. The Respondent violated: Disciplinary Rule 6-101 (A) (1) (2) and (3) in that he handled a legal matter without

adequate preparation, neglected a legal matter entrusted to him when he failed to properly complete the real estate settlement; and failed to associate himself with an attorney competent to handle such matters while he knew or should have known that he was not competent to handle it. *Attorney Grievance Commission v. Bailey (II)*, 286 Md. 630, 408 A.2d 1330 (1979); *Attorney Grievance Commission v. Bailey (I)*, 285 Md. 631, 403 A.2d 1261 (1979).

"4. The Respondent violated: Disciplinary Rule 7-101 (A) (2) and (3) in that he intentionally failed to carry out a contract of employment by his failure to properly complete the settlement, and this failure prejudiced his clients in that, *inter alia,* he recorded an incomplete deed of trust and made incorrect charges against his clients on the settlement sheet. *Attorney Grievance Commission v. Bailey (II), supra; Attorney Grievance Commission v. Bailey (I), supra.*

"5. The Respondent violated: Disciplinary Rule 9-102 (A) (1) and (2) and Article 10, Section 44, in that he withdrew the remaining proceeds of the settlement from his escrow account, commingled said funds with his own, converted them to his own use, and has failed to properly disburse said funds. *Attorney Grievance Commission v. Boehm,* 293 Md. 476, 446 A.2d 52 (1982); *Attorney Grievance Commission v. Pattison, supra; Attorney Grievance Commission v. Burka, supra.*

## "Findings of Fact

"1. In 1975, the Respondent was retained by Jean L. Tharpe to represent her in obtaining a divorce.

"2. The Respondent drafted a separation agreement which was signed by the parties on February 27, 1975.

"3. In May, 1975, the Respondent filed a Bill of Complaint for Divorce on behalf of Mrs. Tharpe in the Circuit Court for Montgomery County, Maryland.

"4. In December, 1975, the Respondent represented Mrs. Tharpe at a Master's hearing on her Bill of Complaint, and immediately subsequent to that hearing, he advised Mrs. Tharpe that she was now free to remarry.

"5. Mrs. Tharpe remarried and later discovered that the divorce was never finalized.

"6. The Respondent failed to take the necessary steps to complete the divorce and obtain a final decree.

"7. The Respondent received notice from the Clerk, sometime after September 5, 1978, of a contemplated dismissal of said case under Rule 530 but failed to take action to prevent such dismissal.

## "Conclusions of Law

"1. The Respondent violated: Disciplinary Rule 1-102 (A) (1) (4) (5) and (6) in that he misrepresented to his client that she was free to marry when in fact he knew the divorce had not been finalized and such action clearly is conduct that is prejudicial to the administration of justice and adversely reflects on his fitness to practice law. *Attorney Grievance Commission v. Finnesey,* 283 Md. 541, 391 A.2d 434 (1978).

"2. The Respondent violated: Disciplinary Rule 6-101 (A) (3) in that he neglected a legal matter entrusted to him by his failure to take the necessary steps to complete Mrs. Tharpe's divorce and obtain a final decree even after notified of a contemplated dismissal of the case. *Attorney Grievance Commission v. Bailey (II),* 286 Md. 630, 408 A.2d 1330 (1979); *Attorney Grievance Commission v. Pollack,* 279 Md. 225, 369 A.2d 61 (1977).

"3. The Respondent violated: Disciplinary Rule 7-101 (A) (1) (2) and (3) in that by his failure to complete the divorce and obtain a final decree on behalf of this client, he failed to seek the lawful objectives of his client through reasonably available means, failed to carry out the contract of employment, and prejudiced or damaged his client in that she remarried when the divorce was not final. *Attorney Grievance Commission v. Bailey (II), supra; Attorney Grievance Commission v. Bailey (I),* 285 Md. 631, 403 A.2d 1261 (1979).

## "Findings of Fact

"1. In early 1978, the Respondent was retained on a contingency basis by Lowell R. Harmon to handle a personal

injury claim resulting from an automobile accident.

"2. The Respondent received two checks from Mr. Harmon's insurer, one in the amount of $267.00, representing money due a treating physician, and the other in the amount of $819.84 representing Mr. Harmon's lost wages.

"3. The Respondent had Mr. Harmon endorse both checks but has failed to disburse the proceeds of said checks to his client.

"4. The Respondent received a check from the other party's insurer in the amount of $1,400.00 in settlement of the claim of Beverly O. Harmon, made payable to Beverly O. Harmon and the Respondent.

"5. The Respondent endorsed both his name and the name of Beverly O. Harmon to said check, but has failed to disburse the proceeds to his client.

"6. The Respondent failed to conclude the claim of Lowell R. Harmon.

### "Conclusions of Law

"1. The Respondent violated: Disciplinary Rule 1-102 (A) (1) (3) (4) (5) and (6) in that he misappropriated funds of his client which were entrusted to him indicating conduct involving moral turpitude, and further, that he endorsed his client's name to a settlement check and has failed to properly disburse the proceeds of said check which demonstrates conduct involving dishonesty, fraud, deceit or misrepresentation, conduct which is prejudicial to the administration of justice, and conduct which adversely reflects on his fitness to practice law. *Attorney Grievance Commission v. Pattison,* 292 Md. 599, 441 A.2d 328 (1982); *Attorney Grievance Commission v. Burka,* 292 Md. 221, 438 A.2d 514 (1981).

"2. The Respondent violated: Disciplinary Rule 6-101 (A) (3) in that he neglected a legal matter entrusted to him by his failure to complete the claim of Mr. Harmon. *Attorney Grievance Commission v. Bailey (II),* 286 Md. 630, 408 A.2d

1330 (1979); *Attorney Grievance Commission v. Pollack*, 279 Md. 225, 369 A.2d 61 (1977).

"3. The Respondent violated: Disciplinary Rule 7-101 (A) (2) and (3) in that he failed to carry out his contract of employment with Mr. Harmon and has prejudiced or damaged Mr. Harmon in that his client has been required to retain an attorney to complete his claim and in that the Respondent has misappropriated part of the settlement proceeds. *Attorney Grievance Commission v. Bailey (II), supra; Attorney Grievance Commission v. Bailey (I), supra.*

"4. The Respondent violated: Disciplinary Rule 9-102 (A) (1) and (2) and 9-102 (B) (1) (3) and (4) and Article 10, Section 44, Annotated Code of Maryland, in that he misappropriated the proceeds of the various settlement checks he had received on behalf of his clients, failed to promptly notify his clients of receipt of those funds, and failed to properly account for and disburse said funds. *Attorney Grievance Commission v. Boehm*, 293 Md. 476, 446 A.2d 52 (1982); *Attorney Grievance Commission v. Pattison, supra; Attorney Grievance Commission v. Burka, supra.*

### *"Findings of Fact*

"1. On or about October 27, 1975, the Central Trust Company of Scotsdale, Arizona, retained the Respondent to handle the collection of a promissory note.

"2. Respondent filed suit on said promissory note in the Circuit Court for Montgomery County on or about November 7, 1975.

"3. The Central Trust Company rejected a settlement offer of the Defendant conveyed to it by the Respondent, but despite this rejection, on November 30, 1977, Respondent filed a Line with the Court to enter said case as "settled and off" without the permission or knowledge of the Central Trust Company.

"4. The Respondent has never conveyed any settlement proceeds to the Central Trust Company.

### *"Conclusions of Law*

"1. The Respondent violated: Disciplinary Rule 1-102 (A)

(1) (4) (5) and (6) in that he filed a Line with the Court to enter the law suit as settled and off without the permission or knowledge of his client and failed to take any further action with regard to the case, indicating conduct involving dishonesty, fraud, deceit, or misrepresentation, conduct that is prejudicial to the administration of justice, and conduct that adversely reflects on his fitness to practice law. *Attorney Grievance Commission v. Finnesey,* 283 Md. 541, 391 A.2d 434 (1978); *Klupt v. Bar Association of Baltimore City,* 197 Md. 659, 80 A.2d 912 (1951).

"2. The Respondent violated: Disciplinary Rule 7-101 (A) (1) (2) and (3) in that the Respondent intentionally failed to seek the lawful objectives of his client by filing a Line indicating the case was settled without the permission or knowledge of his client, failed to carry out a contract of employment when he failed to complete said case, and prejudiced or damaged his client in that the statute of limitations has now run on the claim. *Attorney Greivance Commission v. Bailey (II), supra; Attorney Grievance Commission v. Bailey (I),* 285 Md. 631, 403 A.2d 1261 (1979)."

Bonnin did not except to any of Judge Mitchell's findings. Bar Counsel has recommended that Bonnin be disbarred.

After carefully considering the matter, we accept the findings of Judge Mitchell and conclude, in the circumstances, that disbarment is the appropriate sanction. *See Attorney Grievance Commission v. Boehm,* 293 Md. 476, 446 A.2d 52 (1982); *Bar Association of Baltimore City v. Marshall,* 269 Md. 510, 307 A.2d 677 (1973).

> *It is so ordered; respondent shall pay all costs as taxed by the Clerk of this Court, including the costs of all transcripts, pursuant to Maryland Rule BV15 c, for which sum judgment is entered in favor of the Attorney Grievance Commission against Robbin James Bonnin.*