521 A.2d 743

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

**v.**

**Arthur Joseph REID, Jr.**

**Misc. (Subtitle BV) No. 12, Sept. Term, 1986.**

Court of Appeals of Maryland.

March 3, 1987.

Melvin Hirshman, Bar Counsel, and Glenn M. Grossman, Asst. Bar Counsel for Attorney Grievance Commission of Maryland, for petitioner.

Alan J. Goldstein, Greenbelt, for respondent.

Argued before ELDRIDGE, COLE, RODOWSKY, COUCH, McAULIFFE, ADKINS, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals of Maryland (Retired, Specially Assigned).

ADKINS, Judge.

Pursuant to Maryland Rule BV 9 the Attorney Grievance Commission filed a petition with this Court seeking disciplinary action against Arthur Joseph Reid, Jr., a member of the Maryland Bar since 1975.[1] We referred the matter to Judge William M. Cave of the Circuit Court for Montgomery County for hearing.

At that hearing the facts were not disputed. Judge Cave found that in 1982 Reid undertook to represent Jocelyn J. Thomas in a personal injury matter. In 1983 the claim was settled for $9,000, and Reid received a check in that amount. He signed Ms. Thomas's name to the check, as he was authorized to do, but then deposited it in his personal

---

**1.** Reid also has been admitted to practice in Ohio and the District of Columbia.

account, instead of his escrow account. He represented to Ms. Thomas that the amount of settlement was $6,000, not $9,000. He agreed to pay Ms. Thomas's medical bills, amounting to some $1,021, and to retain as his fee $2,000. Reid did not pay the medical bills until 1984 after the complaint to the Attorney Grievance Commission was made, nor did he inform Ms. Thomas of the actual amount of the settlement and pay the balance due her until after that time. The account into which Reid deposited the funds was for his own personal use, and over $2,000 of Ms. Thomas's funds were converted to his own use.

Judge Cave further found by clear and convincing evidence that Reid had violated the following Disciplinary Rules:

"DR 1–102. Misconduct.

(A) A lawyer shall not:

(1) Violate a Disciplinary Rule.

\*　　\*　　\*　　\*　　\*　　\*

(3) Engage in illegal conduct involving moral turpitude.

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

(5) Engage in conduct that is prejudicial to the administration of justice.

(6) Engage in any other conduct that adversely reflects on his fitness to practice law."

"DR 7–101. Representing a Client Zealously.

(A) A lawyer shall not intentionally:

(1) Fail to seek the lawful objectives of his client through reasonably available means permitted by law and the Disciplinary Rules....

(2) Fail to carry out a contract of employment entered into with a client for professional services....

(3) Prejudice or damage his client during the course of the professional relationship....

"DR 7–102.   Representing a Client within the Bounds of the Law.

(A) In his representation of a client a lawyer shall not:

\*      \*      \*      \*      \*      \*

(5) Knowingly make a false statement of law or fact."

"DR 9–102.   Preserving Identity of Funds and Property of a Client.

(A) All funds of clients paid to a lawyer or a law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:

(1) Funds reasonably sufficient to pay bank charges may be deposited therein.

(2) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.

(B) A lawyer shall:

(1) Promptly notify a client of the receipt of his funds, securities, or other properties.

\*      \*      \*      \*      \*      \*

(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.

(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive."

Neither the Attorney Grievance Commission nor Reid excepted to any of Judge Cave's findings, all of which are amply supported by the record.

■ Reid's misconduct, misappropriation, and conversion of Ms. Thomas's funds ordinarily would call for disbarment. *See, e.g., Attorney Grievance Commission v. Cockrell,* 304 Md. 379, 499 A.2d 928 (1985). But there is another factor present here: Reid's abuse of alcohol. Judge Cave further found:

"Mr. Reid started having problems with the consumption of alcohol sometime in 1980, which accelerated in the latter part of 1981. In December of 1981 he was diagnosed as having a heart attack and was in the hospital. He thereafter increased his drinking consumption [Reid testified that at one point during this period he was consuming from one and a half to two fifths of liquor daily] and entered into a period of depression.

"[Reid] started having blackouts in 1981, which increased in severity in 1982. After closing his office [for the private practice of law] in July of 1983, Mr. Reid went to work as an Attorney in the General Services Administration. His problem with alcohol continued and indeed appeared to have increased to the extent that he was not coming to work and not performing his assigned duties.

\*     \*     \*     \*     \*     \*

"The Court does not find any evidence that at the time of Mr. Reid's misconduct and misuse of client's funds it was due to any financial difficulty on his part. . . . Although Mr. Reid failed to meet a number of his own financial obligations, it was due to his drinking rather than his drinking because of any inability to meet the financial obligations. The Court finds by clear and convincing evidence that alcoholism was the proximate cause of the misconduct of Mr. Reid."

There are no exceptions to this finding.

■ This conclusion of Judge Cave's, supported among other things, by the opinions of Mr. Richard Vincent, Di-

rector of the Lawyer Counseling Committee of the Maryland State Bar Association, and Dr. Brian Crowley, a psychiatrist, removes this case from the operation of the normal rule. "When alcoholism is, to a substantial extent, the cause of the misconduct by an attorney, we view the misconduct in a somewhat different light." *Attorney Grievance Commission v. Aler*, 301 Md. 389, 398, 483 A.2d 56, 61 (1984); *see also Attorney Grievance Commission v. Willemain*, 297 Md. 386, 466 A.2d 1271 (1983); *Attorney Grievance Commission v. Cooper*, 279 Md. 605, 612, 369 A.2d 1059, 1062 (1977). Under this circumstance the appropriate sanction is indefinite suspension and the focus shifts to questions of rehabilitation and the imposition of conditions sufficient to protect the public if the lawyer is allowed to resume practice. *Aler*, 301 Md. at 398–399, 483 A.2d at 61.

The record before us indicates that prior to the 1980–1984 period Reid was functioning competently as a lawyer. In December 1984, he entered Suburban Hospital's detoxification program and after completing that, continued on an outpatient basis until May of 1985. "Since that time," Judge Cave found at the October 1986 hearing, "he has actively participated in Alcoholics Anonymous" and has counselled with Mr. Vincent. Judge Cave further noted Mr. Vincent's confidence "that the treatment and rehabilitation program completed by Mr. Reid has been effective and that Mr. Reid is actively and enthusiastically involved in the recovering process of an alcoholic." Mr. Vincent and Dr. Crowley opined that Reid's prognosis, vis-a-vis the control of his disease of alcoholism, was good.

At the time of the hearing before Judge Cave, Reid was employed as a deputy associate general counsel at the General Services Administration, supervising some 20 other lawyers.[2] At oral argument we were told he is still so employed. Before Judge Cave Reid's supervisor, Deputy

---

2. In this capacity, Reid is generally prohibited from engaging in private practice of law for compensation. 41 C.F.R. § 105–735.-204(b)(2) (1986).

General Counsel Allie Latimer, who in 1984 had persuaded Reid to enter Suburban's detoxification program, testified that Reid was then "practicing law ... on a competent level." Reid's wife, a physician, said that her husband was alcohol free, had reassumed family responsibilities, and that their domestic life was "one of relatively calm and happiness...."

This evidence, which parallels much of that which was before us in *Aler*, persuades that the outcome here should be like the one we reached there. It is also the result recommended by the Attorney Grievance Commission. We suspend Reid indefinitely without prejudice to his right to move to lift the suspension after the expiration of 30 days from the filing of this opinion. The termination of the indefinite suspension shall be subject to the following conditions:

1. Reid shall participate in the activities that may be prescribed from time to time by the Director of the Lawyers' Counseling Program of the Maryland State Bar Association.

2. He shall maintain active membership in, and participation with, Alcoholics Anonymous.

3. His activities in connection with the practice of law shall be monitored by a lawyer satisfactory to Bar Counsel who shall submit reports to Bar Counsel on a quarterly basis for a period of two years, unless sooner relieved of that obligation by order of this Court. The monitor's consent to so act shall be appended to any motion for lifting the suspension.

4. Reid shall pay all costs associated with this case.

A breach of any one of the above conditions shall be grounds for the renewal of Reid's suspension.

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING THE COSTS OF TRANSCRIPTS PURSUANT TO MARYLAND RULE BV15 c. FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTOR-

NEY GRIEVANCE COMMISSION AGAINST ARTHUR JOSEPH REID, JR.