560 A.2d 18

**ATTORNEY GRIEVANCE COMMISSION**

v.

**David Keith NISBETT.**

**Misc (Subtitle BV) No. 36, Sept. Term, 1987.**

Court of Appeals of Maryland.

July 5, 1989.

Melvin Hirshman, Bar Counsel, and Glenn M. Grossman, Asst. Bar Counsel, for the Atty. Grievance Com'n of Maryland.

Joseph A. Finlayson, Jr., Camp Springs, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

BLACKWELL, Judge.

The Petition for Disciplinary Action filed by the Attorney Grievance Commission (Commission) alleges that Respondent, David Keith Nisbett (Nisbett) failed to perform legal services that he agreed to furnish eight different clients,

and that he did engage in misconduct as defined by Maryland Rule BV1k.

Pursuant to Maryland Rule BV9b, this Court referred the matter to the Honorable Graydon S. McKee, III of the Circuit Court for Prince George's County. After a hearing, Judge McKee made the following findings which he summarized:

## THE THOMAS FERGUSON COMPLAINT

Mr. Ferguson retained Respondent in June 1986 to represent him in connection with the Estate of his deceased wife. Respondent failed to take any positive action in administering the estate including failure to have the estate opened. Mr. Ferguson eventually handled the estate on his own. Mr. Ferguson asked Respondent to refund the retainer fee of Two Hundred and Fifty Dollars ($250.00), but Respondent in his deposition admitted not returning the fee or filing the case. Respondent does agree to return the fee of Two Hundred Fifty Dollars ($250.00).

## THE LAWRENCE KUTEYI COMPLAINT

This court finds that the Respondent was retained by Lawrence Kuteyi in or about July, 1986 and that Mr. Lawrence Kuteyi paid a One Thousand Five Hundred Dollar ($1,500.00) retainer. Respondent failed to take any substantive action on Mr. Kuteyi's case. Respondent told Mr. Kuteyi he had been ill, but would work on the case. Respondent did not withdraw from the case and did not refund any portion of the retainer to Mr. Kuteyi. Respondent has stated he intends to refund all of Mr. Kuteyi's $1,500.00 fee and admitted he had not charged a fair fee.

## THE EMMA DAVIS COMPLAINT

Ms. Davis retained the Respondent in a divorce action in the District of Columbia in February, 1986. Respondent failed to pursue the divorce action, respond to inter-

rogatories, communicate with Ms. Davis and withdraw from the case when asked.

## THE ROSILAND HORTON COMPLAINT

In August of 1983, Ms. Rosiland Horton retained the Respondent in connection with a medical malpractice claim arising in North Carolina. Respondent was not a member of the North Carolina bar. Therefore, he associated with Jason Parker, Esquire, North Carolina counsel. Without permission, Respondent signed Mr. Parker's name to a complaint, interrogatories and request for production of documents. Respondent failed to pursue Ms. Horton's claim, it was dismissed and subsequently barred by the statute of limitations. Respondent represented to Ms. Horton in February, 1986 and May, 1986 that her case was still pending in the North Carolina courts when it had actually been dismissed before February 1986. After May, 1986 Respondent had no further communications with Ms. Horton. '...[A]lthough I have to admit that I did nothing to check on the case, I did nothing to work on it further. It should have dawned on me that I needed to check on the case.'

## THE VICKI COWARD COMPLAINT

In August of 1983, Ms. Coward had an automobile accident and shortly thereafter retained Respondent. She incurred medical bills which she gave to Respondent for processing. Respondent submitted a bill to Ms. Coward's insurance carrier and they in return forwarded a check in payment back to the Respondent. Neither Ms. Coward nor the doctor ever received full payment due from the Respondent.

The Respondent did not make a claim for Ms. Coward's lost wages with the Personal Injury Protection carrier despite Ms. Coward's entitlement to same.

## THE FRANK WEIZIOLOWSKI COMPLAINT

A Ms. Ruby Russell was appointed personal representative of the Estate of Eunice A. McSween by the Orphans'

Court for Prince George's County. Ms. Russell retained Respondent in January, 1985 to assist in the administration of the testate estate. Respondent failed to file a final accounting with the court or subsequent counsel in the case or disburse all the funds from the estate checking account. The Respondent was not a signatory of the estate account. He did prepare checks for Ms. Russell's signature and mailed them out. Some of the payees of the estate did not receive their checks. When Ms. Russell presented this problem to Respondent he did nothing. Ms. Russell eventually sought help from another law firm, Halpren, Brown and Darienzo, and retained Mr. Frank Weiziolowski in Brooklyn, New York. Respondent failed to supply Ms. Russell or new counsel with a final accounting of the estate.

## THE COMPLAINT OF GERALDINE MILLER

Mrs. Miller retained the Respondent in or about October, 1981 to represent her claim arising from an automobile accident. From October 1981 to October 1984 Mrs. Miller lived overseas predominately in Germany with her husband who was in military service. Contact between Respondent and Mrs. Miller was occasional until suit was actually filed on October 24, 1984. The opposing party propounded Interrogatories to Mrs. Miller and made a request for documents. Respondent did not file the answers to interrogatories despite the fact that Ms. Miller had completed them.

Respondent failed to file a response to the counterclaim or a motion to compel discovery. The Respondent falsely represented to Mrs. Miller that her case would be tried even though it had been dismissed.

## THE PEGGY MAXEY COMPLAINT

Peggy Maxey retained Respondent for the first time in June of 1982 in connection with personal injuries suffered

at a subway station in Takoma Park, Maryland. She again retained him in August 1982 to represent her in connection with personal injuries she received while a passenger on a Greyhound bus. Ms. Maxey also retained Respondent in connection with her divorce. The judgment of Absolute Divorce had Ms. Maxey's name misspelled as her surname 'Mahey.' Mrs. Maxey had asked Respondent to have the name changed to the correct spelling. Respondent admitted that he had never done as he was asked to do by Ms. Maxey.

In the two personal injury actions, Respondent filed the claim but took no further action. The Complaints (both) were dismissed for want of prosecution and simultaneously the statute of limitations expired. After the dismissals the Respondent falsely advised Ms. Maxey that a trial date was scheduled for those two cases. Respondent further advised Ms. Maxey that he was ill and would need to postpone the trials.

The judge concluded there were sixty-three violations involved in these cases. To fully itemize the violations would serve little purpose. The judge found the Respondent repeatedly violated the following disciplinary rules: [1]

DR 1–102 Misconduct.

(A) A lawyer shall not:

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

(5) Engage in conduct that is prejudicial to the administration of justice.

(6) Engage in any other conduct that adversely reflects on his fitness to practice law.

DR 6–101 Failing to Act Competently.

(A) A lawyer shall not:

---

1. All references to disciplinary rules are to Md. Rule 1230, Code of Professional Responsibility, Appendix (1986) unless otherwise indicated. The Code of Professional Responsibility governs the conduct of attorneys in Maryland until January 1, 1987. After that date, the Rules of Professional Conduct apply. Respondent's misconduct occurred before the effective date of the change.

(3) Neglect a legal matter entrusted to him.

DR 7–101    Representing a Client Zealously.

(A) A lawyer shall not intentionally:

(1) Fail to seek the lawful objectives of his client through reasonably available means permitted by law and the Disciplinary Rules, except as provided by DR 7–101(B). A lawyer does not violate this Disciplinary Rule, however, by acceding to reasonable requests of opposing counsel which do not prejudice the rights of his client, by being punctual in fulfilling all professional commitments, by avoiding offensive tactics, or by treating with courtesy and consideration all persons involved in the legal process.

(2) Fail to carry out a contract of employment entered into with a client for professional services, but he may withdraw as permitted under DR 2–110, DR 5–102, and DR 5–105.

(3) Prejudice or damage his client during the course of the professional relationship, except as required under DR 7–102(B).

DR 7–102    Representing a Client Within the Bounds of the Law.

(A) In his representation of a client, a lawyer shall not:

(5) Knowingly make a false statement of law or fact.

The judge also found that Nisbett failed to respond to Bar Counsel's numerous requests for information in connection with each of the complaints and that he failed to attend the Inquiry Panel hearing held despite having received notice. The judge therefore found Respondent violated Rule 8.1 "BAR ADMISSION AND DISCIPLINARY MATTERS" which states:

An applicant for admission or reinstatement to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:

(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand

for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6.

Md. Rule 1230, Maryland Rules of Professional Conduct, Appendix (1987). The Respondent filed no exceptions.

The Commission excepts to the judge's finding in the Complaint of Vicki Coward that Respondent did not violate DR 9–102(A) of the Code of Professional Responsibility and Maryland Code (1957, 1987 Repl.Vol.), Article 10, § 44(a)(1).[2]

There is clear and convincing evidence that the funds in question were received by the Respondent and initially deposited in a trust account. However, the funds subsequently were never accounted for, and were depleted from the trust account without being preserved or replaced prior to the hearing. Therefore, we sustain the one exception made in this case by the Commission.

There remains the determination of the appropriate sanction. The Commission recommends that Nisbett be sus-

---

2. DR 9–102(A) Preserving Identity of Funds and Property of a Client, provides in its entirety:

(A) All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:

(1) Funds reasonably sufficient to pay bank charges may be deposited therein.

(2) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.

Maryland Code (1957, 1987 Repl.Vol.), Article 10, § 44(a)(1) states: If any attorney is entrusted with, or receives and accepts, or otherwise holds, deposit moneys or other trust moneys, of whatever kind or nature, such moneys, in the absence of court order to the contrary shall be expeditiously deposited in an account or accounts maintained as a separate account or accounts for funds belonging to others. In no event shall the attorney commingle any such funds with such attorney's funds or use any such funds for any purpose other than the purpose for which they were entrusted to the attorney.

pended indefinitely from the practice of law. The Commission further recommends that the Respondent be allowed to petition for reinstatement after eighteen (18) months, but only after completing certain conditions. *See Attorney Grievance Comm'n v. Reid,* 308 Md. 646, 652, 521 A.2d 743, 745–46 (1987).

"In cases where the improper conduct of the lawyer involved misrepresentation, the severity of the sanction to be imposed for the misconduct depends upon the facts and circumstances of the particular case." *Attorney Grievance Comm'n v. Myers,* 302 Md. 571, 579, 490 A.2d 231, 235 (1985); *Attorney Grievance Comm'n v. Babbitt,* 300 Md. 637, 642, 479 A.2d 1372, 1375 (1984).

The record shows Nisbett's gross neglect of eight clients' cases, multiple misrepresentations and failure to respond to Bar Counsel's request for information. We concur in the findings of the trial judge, and conclude there is clear and convincing evidence in the record to support each of the violations. This misconduct would ordinarily result in disbarment. *Attorney Grievance Comm'n v. Werner,* 315 Md. 172, 181, 553 A.2d 722, 726 (1989). *See, e.g., Attorney Grievance Comm'n v. Cockrell,* 304 Md. 379, 499 A.2d 928 (1985).

However, "When alcoholism is, to a substantial extent, the cause of the misconduct by an attorney, we view the misconduct in a somewhat different light." *Reid,* 308 Md. at 651, 521 A.2d at 745. In this case, additional factors to consider are Nisbett's abuse of alcohol and drugs, and the medical disability suspension by the District of Columbia Court of Appeals.

Judge McKee stated:

The Respondent has admitted to being a drug addict and an alcoholic. He has been treated at Suburban Hospital for detoxification but was unable to complete the 28 day program for lack of medical insurance. Respondent has been under the care and observation of the Director of the Lawyer Counseling Program of the Dis-

trict of Columbia Bar since May 22, 1987. He is currently on medical disability status with the District of Columbia.

Mr. Richard Benjamin Vincent, Director of the Lawyer Counseling Committee for the Maryland State Bar Association testified on behalf of the Respondent. Mr. Vincent recommended ... that the Respondent be placed on a two year probationary program of monitoring his sobriety, urinalysis and continued attendance at therapy in Alcoholics and Narcotics Anonymous. Mr. Vincent views the Respondent as a 'promising candidate with a very positive prognosis' and would accept him into the Maryland Lawyer Counseling Program....

The circuit court further found:

In summary, this Court concludes, after hearing all the testimony and reviewing the evidence, that the Respondent's mental condition, particularly due to his drug and alcohol abuse, started prior to the acts of misconduct.

Mr. David Keith Nisbett's disability, drug addiction and alcoholism, became his primary consideration in life. His disability came to overshadow his responsibilities in the practice of law.

Finally, the circuit court concluded:

Mr. Nisbett demonstrated to this Court that he has begun a program of recovery from addiction to alcohol and drugs. Mr. Vincent's testimony convinces this Court that Mr. Nisbett's full recovery from addiction is most probable. Because of the high potential for Mr. Nisbett to regain control of his life and make restitution, disbarment at this time is not warranted.

There are no exceptions to these findings. The conclusion of Judge McKee, supported among other things, by the opinion of Mr. Richard Vincent, Director of the Lawyer Counseling Committee of the Maryland State Bar Association, and other testimony, justifies consideration other than the normal rule requiring disbarment. *Reid*, 308 Md. at 650–51, 521 A.2d at 745; *Attorney Grievance Comm'n v. Aler*, 301 Md. 389, 398, 483 A.2d 56, 61 (1984); *see also*

*Attorney Grievance Comm'n v. Willemain,* 297 Md. 386, 396, 466 A.2d 1271, 1275–76 (1983); *Attorney Grievance Comm'n v. Cooper,* 279 Md. 605, 612, 369 A.2d 1059, 1062 (1977). Under these circumstances, we conclude the appropriate sanction is indefinite suspension. Our attention shifts to questions of rehabilitation and the imposition of conditions sufficient to protect the public if the lawyer is allowed to resume practice. *Reid,* 308 Md. at 651, 521 A.2d at 745–46; *Aler,* 301 Md. at 398–400, 483 A.2d at 61–62.

The evidence here parallels much of that which was before us in *Aler* and *Reid.* The outcome in this case should be similar to the one we reached in these cases. We therefore suspend Nisbett indefinitely without prejudice to his right to apply for reinstatement after the expiration of 18 months from the date of the filing of this opinion. The termination of the indefinite suspension shall be subject to the following conditions:

1. Nisbett shall participate in such activities as may be prescribed from time to time by the Director of the Lawyer's Counseling Program of the Maryland State Bar Association.

2. He shall maintain active membership in, and participation with, Alcoholics and Narcotics Anonymous.

3. Nisbett's activities in connection with the practice of law shall be monitored by a lawyer satisfactory to Bar Counsel who shall submit reports to Bar Counsel on a quarterly basis for a period of two years, unless earlier relieved of that obligation by order of this Court. The monitor's consent to so act shall be appended to any motion for lifting the suspension.

4. Nisbett shall refund his clients those sums determined to be still owing and itemized by the circuit court.

5. He shall pay the sums owed to the Clients' Security Trust Fund of the Bar of Maryland, if any, on such schedule as Bar Counsel shall from time to time specify, taking into consideration the Respondent's income and obligations.

6. He shall pay all costs incurred in connection with this proceeding on such schedule as Bar Counsel may specify once the Respondent's obligations to his clients and the Clients' Security Trust Fund have been liquidated.

A breach of any one of the above conditions shall be grounds for the renewal of Nisbett's indefinite suspension.

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING THE COSTS OF TRANSCRIPTS PURSUANT TO MARYLAND RULE BV 15c FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST DAVID KEITH NISBETT.