**In re Paul G. EVANS, Respondent.**

No. 86–1590.

District of Columbia Court of Appeals.

Submitted May 20, 1987.
Decided Aug. 5, 1987.*

* This decision was originally released as a Memorandum Opinion and Judgment on August 5, 1987, but is being published pursuant to the court's order granting respondent's motion to publish.

1. The disciplinary violation charged arose from actions of respondent during representation of a client in an action for damages in the federal district court of Maryland. Pretrial motions were referred to a magistrate who recommended that the case be dismissed for lack of jurisdiction because of failure to prove an amount in controversy in excess of $10,000. The magistrate's report was adopted and the case dismissed. Respondent appealed the dismissal. While the appeal was pending, respondent wrote a letter to the magistrate in which he stated:

Counsel, Washington, D.C., were on the brief, for the Bd. on Professional Responsibility.

Paul G. Evans, pro se.

Before PRYOR, Chief Judge, NEWMAN, Associate Judge, and REILLY, Senior Judge.

PER CURIAM:

This matter is before the court for our consideration of the report and recommendation of the Board on Professional Responsibility. On February 12, 1986, the United States District Court for Maryland, sitting in Baltimore, ordered that Evans be disbarred from the practice of law in that court for conduct in violation of DR 1–102(A)(5) (A lawyer shall not engage in conduct that is prejudicial to the administration of justice); DR 7–106(C)(6) (A lawyer shall not engage in undignified or discourteous conduct which is degrading to a tribunal); DR 8–102(B) (A lawyer shall not make false accusations against a judge or other adjudicatory office).[1]

The order of disbarment was affirmed on appeal by the United States Court of Appeals for the Fourth Circuit. *See In re Evans,* 801 F.2d 703 (4th Cir.1986).

When notice of this action was reported to this court, it was referred to the Board to consider whether reciprocal discipline should be imposed or whether *de novo* proceedings should be instituted. The Board found no basis for *de novo* proceedings on

I feel that your Report was either the result of your incompetence in the matter or perhaps worse and reflected a Jewish bias in favor of the ... firm whose actions were in my judgment inexcusable in its cause. If in fact it represents incompetence, I will drop the matter; but if it is a Jewish bias, I will file a complaint under the Rules for Handling Complaints for Judicial Misconduct or Disability.

In response to a show cause order as to why he should not be disciplined for writing the letter to the magistrate, respondent defended his conduct asserting that "[o]nly three inferences are possible after reading the [Magistrate's] report: (i) that the Magistrate was incompetent; (ii) prejudiced; (iii) both." He also stated that "as a matter of conscience [he] would repeat them under similar circumstances."

the grounds set forth in D.C.App.R. XI, § 18. On February 25, 1987, the Board submitted a report recommending that this court find that respondent's misconduct in Maryland also constitutes misconduct in the District of Columbia, but that the appropriate discipline, under our precedents, should be a 90-day suspension from the practice of law. We disagree.

■ The United States Supreme Court "has repeatedly emphasized ... that disqualification from membership from a state bar does not necessarily lead to disqualification from a federal bar." *Frazier v. Heebe*, —— U.S. ——, 107 S.Ct. 2607, 2612 n. 7, 96 L.Ed.2d 557 (1987) (citing *Theard v. United States*, 354 U.S. 278, 282, 77 S.Ct. 1274, 1276, 1 L.Ed.2d 1342 (1957); *Selling v. Radford*, 243 U.S. 46, 49, 37 S.Ct. 377, 378, 61 L.Ed. 585 (1917); *cf. Sperry v. Florida, ex rel., Florida Bar*, 373 U.S. 379, 385–87, 83 S.Ct. 1322, 1325–27, 10 L.Ed.2d 428 (1963)). The converse is also true; disqualification from a federal bar does not necessarily lead to disqualification from membership at a state bar. Thus, the decision of the United States District Court of Maryland does not require this court to disbar respondent, a member of the local bar.

■ The imposition of reciprocal discipline is governed by D.C.App.R. XI, § 18. Subsection 5 of section 18 of the rule provides in pertinent part:

> [T]his court shall impose the *identical* discipline *unless* Bar Counsel or the attorney demonstrates, or the Court finds upon the face of the record upon which the discipline is predicated, that clearly:
>
> (a) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
>
> (b) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its

duty, accept as final the conclusion on that subject; or

> (c) The imposition of the same discipline by the Court would result in grave injustice; or
>
> (d) The misconduct established warrants substantially different discipline in this jurisdiction; or
>
> (e) The misconduct elsewhere does not constitute misconduct in the District of Columbia.
>
> If this Court determines that any of those elements exists, the Court shall enter such order as it deems appropriate, including referral of the matter to the Board for its further consideration and recommendation.

[Emphasis added.]

We deem Rule XI, § 18 (5)(c) pertinent and conclude that disbarment in this jurisdiction would result in a grave injustice to respondent.[2] In this respect we agree with the observations expressed in the report of the Board. The operative criteria for disbarment in the District of Columbia are situations in which there are multiple major violations with flagrant disregard for the disciplinary system, combined with gross neglect and willful disregard of ethical and legal duties. *See In re Haupt*, 444 A.2d 317 (D.C.1982) (en banc); *In re Anderson*, No. 86–657 (D.C. July 28, 1986); *In re Spencer*, No. M–112–82 (D.C. June 4, 1982). In the absence of other aggravating violations, disbarment would create a gross disparity between sanctions in this case and other cases in which disbarment has been imposed here.

Moreover, we have been unable to find any precedent in this jurisdiction for the imposition of disbarment or suspension for the kind of conduct engaged in by respondent. The Board cites no cases to show that a personal attack or insulting remark directed at a judge or magistrate in the trial courts of the District of Columbia has been punished by proceedings under Rule XI, *supra*.[3] To the contrary, it appears

---

**2.** We also note that while respondent was disbarred in a Maryland federal court, the record discloses no proceedings to disbar him from the state courts of Maryland.

**3.** The Board's reliance on *In re Haupt, supra*, 444 A.2d at 317, to support this proposition is in error. Our reading of *Haupt* clearly reveals that *Haupt* was not disbarred for making allegations

that in this jurisdiction the traditional method of dealing with contumacious behavior in the courtroom or in the course of a judicial proceeding is to cite the offender for contempt of court. *See In re Schwartz,* 391 A.2d 278 (D.C.1978); *In re Gates,* 248 A.2d 671 (D.C.1968). In the circumstances of this case, we deem a public censure to be the appropriate discipline.

Accordingly, the findings of fact in the report of the Board on Professional Responsibility are adopted, but its recommendation for suspension is overruled. Paul G. Evans is hereby publicly censured.

*So ordered.*

of bias or prejudice against a member of the judiciary. The severity of the sanction in *Haupt* was due to the large number of violations of the disciplinary code established based on eleven counts of misconduct. Only one of the eleven counts concerned contemptuous behavior in court. This particular misconduct, which had resulted in a finding of criminal contempt, consisted of Haupt's failure to appear on behalf of a client in bankruptcy court, his failure, without good cause, to provide specific answers to questions issued by the court, and his failure to pay a $450 fine as ordered.