In re Arthur J. REID, Jr., Respondent.

No. 87–281.

District of Columbia Court of Appeals.

Argued March 1, 1988.
Decided April 20, 1988.

---

David E. Mills, with whom Albert H. Turkus, Washington, D.C., and Alan J. Goldstein, were on the brief, for respondent.

Michael S. Frisch, Asst. Bar Counsel, with whom Thomas E. Flynn, Bar Counsel, Washington, D.C., was on the brief, for petitioner, the Office of Bar Counsel.

Joan L. Goldfrank, Executive Atty., Washington, D.C., for the Bd. on Professional Responsibility.

Before PRYOR, Chief Judge, and NEWMAN and BELSON, Associate Judges.

PER CURIAM:

Respondent, Arthur J. Reid, Jr., engaged in certain misconduct in Maryland involving misappropriation and conversion of client funds. The Court of Appeals of Maryland noted that ordinarily respondent's misconduct would warrant the sanction of disbarment, but that his alcoholism was a factor in mitigation.[1] The Maryland court therefore ordered respondent indefinitely suspended from the practice of law, but entered its order without prejudice to his right to apply for reinstatement after the expiration of a period of thirty days. On May 5, 1987, after serving a sixty-three day suspension, respondent was reinstated

---

**1.** Respondent was found to have violated Maryland Code of Professional Responsibility Disciplinary Rules DR 1–102(A)(1), (3)–(6); DR 7–101(A)(1)–(3); DR 7–102(A)(5); and DR 9–102(A)(1), (2), and (B)(1), (3), (4). *Attorney Grievance Commission v. Reid,* 308 Md. 646, 521 A.2d 743, 744–745 (1987). These disciplinary rules parallel the rules in the District of Columbia Code of Professional Responsibility, except DR 9–102 is designated DR 9–103. DR 1–102(A)(6), however, is not applicable in this jurisdiction.

upon a two-year probation subject to specified conditions.

On April 2, 1987, we directed the Board on Professional Responsibility (Board) to determine whether reciprocal discipline should be imposed or whether the Board instead would elect to proceed de novo pursuant to D.C.Bar R. XI, § 7. On October 2, 1987, the Board issued its report, in which it found that because an appropriate order could be issued by this court based on the conclusiveness of the record in the Maryland proceedings as provided by D.C.Bar R. XI, § 18(6), a de novo proceeding was not necessary. The Board further found, however, in accordance with Rule XI, § 18(5)(d), that respondent's established misconduct warrants substantially different discipline in this jurisdiction. Therefore, consonant with our decision in *In re Kersey*, 520 A.2d 321 (D.C.1987), the Board recommended that respondent be dis-

barred, that the execution of the disbarment be immediately stayed, and that he be placed on probation for a period of five years subject to certain terms and conditions.[2] Pursuant to Rule XI, § 18(3), we then ordered respondent to show cause why the discipline proposed by the Board should not be imposed.

Before this court, respondent now contends: (1) that when making a recommendation under order of this court pursuant to Rule XI, § 18(2), the Board may not recommend discipline substantially different from that imposed in the foreign jurisdiction without proceeding de novo, and, even if the Board is empowered to make such a recommendation, it may be accorded no weight on review; and (2) that the record does not clearly show that the misconduct established in Maryland warrants substantially different discipline in this jurisdiction.

2. Bar Counsel agrees with the Board that respondent's misconduct warrants substantially different discipline in this jurisdiction, and that disbarment with a stay of execution is appropriate, but that a two-year period of probation under the conditions specified in the order issued by the Maryland Court of Appeals should be imposed.

The Maryland Court of Appeals adopted the following conditions of probation:

A. Respondent must participate in the activities that may be prescribed from time to time by the Director of the Lawyer's Counseling Program of the Maryland State Bar Association.

B. Respondent must maintain active membership in, and participation with, Alcoholics Anonymous.

C. Respondent's activities in connection with the practice of law shall be monitored by a lawyer who shall submit reports to Bar Counsel on a quarterly basis for a period of two years.

A breach of any of the above conditions shall be grounds for the renewal of respondent's suspension. *Attorney Grievance Commission v. Reid, supra* note 1, 521 A.2d at 746.

The following stricter conditions of probation are recommended by the Board:

A. Total abstinence from the use of alcohol to be verified by a sobriety monitor. The sobriety monitor has the right to require Respondent's attendance of A.A. Lawyer's Group meetings and the right to take whatever other steps are necessary to ensure that Respondent remains abstinent.

B. Supervision of Respondent's professional conduct in the District of Columbia by a practice monitor.

C. Supervision by a financial monitor of Respondent's professional financial activities in the District of Columbia. The financial monitor will be a joint signatory on any trust account maintained by Respondent in connection with his practice in the District of Columbia. The monitor will also have access to all of Respondent's personal and professional financial records relating to his practice in the District of Columbia.

D. Each monitor shall oversee Respondent's activities in the District of Columbia for four years and periodically report Respondent's progress to the full Board. The Court will accept the Board's recommendations concerning the persons who will serve as the practice monitor and as the financial monitor. The Court will also accept the Board's choice for a sobriety monitor.

E. If Bar Counsel or any monitor learns that Respondent has violated a probation condition or the Code of Professional Responsibility, he or she will report the violation to the Board, which will then direct Bar Counsel to investigate the alleged violation and establish any alleged violation in a proceeding before a Hearing Committee. If a violation is found, Respondent will be suspended from practice immediately. The Board will then determine whether or not Respondent's violation requires probation revocation. Any party will have the right to petition the Board for a stay of the suspension pending its decision. The Board's decision on revocation may then be appealed to this Court.

*Report and Recommendation of the Board on Professional Responsibility,* Bar Docket No. 71–87, at 12–13 (Oct. 2, 1987).

We conclude that under D.C.Bar R. XI, § 18, the Board is empowered to recommend discipline substantially different from that imposed in the foreign jurisdiction without proceeding de novo if the procedure elsewhere comports with due process, there is no infirmity of proof establishing the misconduct, and the attorney is not entitled to a hearing for other reasons; we are not *required*, however, to accord such a recommendation the deference we normally would in a nonreciprocal discipline proceeding. We further conclude that the record in this case clearly shows that respondent's misconduct warrants substantially different discipline in this jurisdiction.

## I

The facts pertaining to respondent's misconduct are not in dispute. In 1982, respondent represented a client in a personal injury matter. In 1983, he settled her claim for $9,000, and received a check written in that amount. Respondent signed his client's name to the check, as he was authorized to do, but deposited it in his personal checking account. He then misrepresented to his client that the amount of settlement was $6,000, not $9,000. Although respondent had agreed to pay his client's medical bills, which amounted to approximately $1,021, he did not do so until 1984, after a complaint had been filed with the Attorney Grievance Commission of Maryland. Respondent did not inform his client of the actual amount of settlement and pay her the balance owed until some time after the complaint had been filed. It was shown that over $2,000 of his client's funds were converted to his own use. It was also shown that respondent's alcoholism was the proximate cause of his misconduct.

## II

This reciprocal discipline proceeding is governed by D.C.Bar R. XI, § 18, which provides, in pertinent part:

(2) Notice served upon the Board. Upon receipt of a certified copy of an order demonstrating than an attorney admitted to practice in the District of Columbia has been disciplined in another jurisdiction or by another court in this jurisdiction, the Court shall forthwith issue a notice directed to the Board, with a copy thereof to the attorney, including a copy of the order from the other court and requesting the Board to recommend to the Court, within 30 days, whether reciprocal discipline should be imposed or whether the Board, instead, elects to proceed de novo pursuant to § 7 of this Rule.

(5) Discipline to be imposed.... [T]his Court shall impose the identical discipline unless Bar Counsel or the attorney demonstrates, or the Court finds upon the face of the record upon which the discipline is predicated, that clearly:

(a) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

(b) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duty, accept as final the conclusion on that subject; or

(c) The imposition of the same discipline by the Court would result in grave injustice; or

(d) The misconduct established warrants substantially different discipline in this jurisdiction; or

(e) The misconduct elsewhere does not constitute misconduct in the District of Columbia.

If this Court determines that any of those elements exists, the Court shall enter such order as it deems appropriate, including referral of the matter to the Board for its further consideration and recommendation.

(6) Conclusiveness of adjudication in other jurisdiction. In all other respects, a final adjudication in another jurisdiction or by another court in this jurisdiction that an attorney has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this Court.

Respondent contends that, under the provisions of the above rule, if the Board declines to proceed de novo, it may not recommend discipline substantially different from that imposed in the foreign jurisdiction. Although respondent does not request a hearing, he maintains that when asked to recommend disposition of a reciprocal discipline case pursuant to Rule XI, § 18(2), the Board must either recommend reciprocal discipline or elect to proceed de novo pursuant to Rule XI, § 7. He states that if the Board determines that a de novo proceeding is not necessary, this court must impose reciprocal discipline unless Bar Counsel or the attorney demonstrates, or we find upon the face of the record upon which the discipline is predicated, that clearly an exception set forth in Rule XI, § 18(5)(a)–(e) applies. Thus, in respondent's view, "[t]he Board has no role in this phase of the proceeding. Only Bar Counsel and the attorney are designated by the Rule as advocates who may argue for a greater or lesser sanction than reciprocal discipline."

We disagree that under Rule XI, § 18, the Board must recommend reciprocal discipline if it declines to proceed de novo. In determining whether to recommend reciprocal discipline in a given case, it is proper for the Board, as a threshold matter, to consider whether any of the exceptions set forth in Rule XI, § 18(5)(a)–(e) are clearly applicable. If the Board determines that reciprocal discipline is not appropriate for

the reason set forth in § 18(5)(d), the reciprocal discipline proceeding does not terminate at that point, but rather, the Board may then recommend to this court what it considers to be the appropriate disposition of the case. *See In re Evans,* 533 A.2d 243 (D.C.1987). The Board, of course, may refer the matter to a hearing committee. But if the procedure elsewhere comports with due process, there is no infirmity of proof establishing the misconduct, and the attorney is not entitled to a hearing for other reasons, Rule XI, § 18 does not otherwise prohibit the Board from recommending the imposition of a lesser or harsher sanction than that imposed in the foreign jurisdiction.[3] *See In re Evans, supra.* And, in this latter instance, the language of Rule XI, § 18(5) authorizing this court to enter an appropriate order encompasses the power to adopt the Board's recommended sanction, even though we are not *required* to accord it the deference we normally would in a nonreciprocal discipline proceeding.[4]

### III

Respondent next argues that the exception set forth in D.C.Bar R. XI, § 18(5)(d) is not clearly applicable to this case because: (1) *In re Kersey, supra,* is not controlling with respect to the imposition of an appropriate sanction; and (2) his misconduct involved only a single instance of misappropriation and therefore does not warrant the

---

**3.** Under revisions to Rule XI, § 18 that are now pending before this court:

If the Board believes that reciprocal discipline should not be imposed for any of the reasons set forth in [§ 18(5) ] (c), (d), or (e), it shall accept the facts found by the jurisdiction which imposed the discipline and report to the Court its recommendation as to the appropriate discipline based on such facts, or refer the matter to a hearing committee for its recommendation as to the appropriate discipline.

We believe that our present construction of Rule XI, § 18 is consistent with the above proposed revision.

**4.** In a nonreciprocal discipline proceeding, if the Board's findings of fact are supported by substantial evidence of record, Rule XI, § 7(3), requires us "to adopt the recommended disposi-

tion of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or otherwise would be unwarranted." Because "[t]he rule endorses the Board's exercise of broad discretion in handing out discipline that is subject only to a general review for abuse in that discretion's exercise," *In re Hutchinson,* 534 A.2d 919, 924 (D.C.1987) (en banc) (quoting *In re Haupt,* 422 A.2d 768, 771 (D.C.1980) (per curiam)), we are required "to give considerable deference to the Board's recommendation." *Id.*

In a reciprocal discipline proceeding, when the procedure elsewhere comports with due process, there is no infirmity of proof establishing the misconduct, and the attorney is not entitled to a hearing for other reasons, there seems little reason why the Board's recommended sanction should not be accorded the same weight as it would in the nonreciprocal discipline context.

sanction of disbarment.[5]

In *In re Kersey, supra,* we held that "alcoholism is a mitigating factor to be considered in determining discipline," and that "rehabilitation from that condition will be considered a significant factor in imposing discipline." 520 A.2d at 326, 327. Proof, however, that alcoholism is a cause of attorney misconduct has no bearing on the determination of what sanction should be imposed in the first instance. Thus, *Kersey* by no means altered the well established rule in this jurisdiction that, with limited exceptions, the sanction for misappropriation of client funds is disbarment. *In re Hines,* 482 A.2d 378, 386–87 (D.C. 1984) (per curiam). *See also In re Wade,* 526 A.2d 936, 939 (D.C.1987) (citing *In re Minninberg,* 485 A.2d 149, 152 (D.C.1984) (per curiam); *In re Burton,* 472 A.2d 831 (D.C.) (per curiam), *cert. denied,* 469 U.S. 1071, 105 S.Ct. 563, 83 L.Ed.2d 504 (1984)); *In re Brickle, supra* note 5, 521 A.2d at 273 (citations omitted).

It becomes plain, then, that the sanction imposed in *Kersey* did not necessarily turn on the egregiousness of the misconduct at issue there. Rather, the principle announced by *Kersey* required us to decide what mitigating effect respondent's alcoholism and subsequent evidence of his rehabilitation should have on the imposition of an appropriate sanction. The Board recommended that respondent be suspended for an actual one-year period. *In re Kersey, supra,* 520 A.2d at 323. We rejected that recommendation and concluded that a

one-year period of actual suspension was unwarranted. *Id.* at 328. Nonetheless, because respondent had engaged in acts of misappropriation, we ordered him disbarred. Proof of his alcoholism and evidence of his rehabilitation, however, served to mitigate the imposition of discipline. We therefore stayed the execution of disbarment and placed him on probation for a period of five years subject to certain conditions. *Id.* Our order thus sought to accommodate our newly announced principles regarding alcoholism as a factor in mitigation with the rule that misappropriation of client funds will ordinarily result in disbarment.

With the foregoing in mind, we turn now to a consideration of the instant case. It is undisputed that the acts engaged in by respondent gave rise to numerous ethical violations including misappropriation, commingling, and conversion of client funds, dishonesty, and moral turpitude. Thus, despite the fact that we deal here only with a single instance of misappropriation, we do not perceive the facts in this case as less egregious than those in cases where disbarment has been ordered.[6]

We therefore conclude that respondent's misconduct in the instant case warrants the sanction of disbarment. However, in light of our holding in *In re Kersey, supra,* and evidence of respondent's rehabilitation, we stay the execution of disbarment, and order respondent placed on probation for a period of five years subject to the conditions recommended by the

---

5. We reject respondent's further contention, premised on our decision in *In re Coury,* 526 A.2d 25 (D.C.1987) (per curiam), that because the sanction imposed in Maryland is functionally equivalent to, and not substantially different from, that recommended by the Board, § 18(5)(d) is not applicable to this case. The imposition of disbarment, with the effectiveness of the disbarment stayed, is a substantially different discipline from an indefinite suspension with the immediate right to reapply to active practice. *See In re Brickle,* 521 A.2d 271, 273 (D.C.1987) (per curiam).

6. Respondent also contends that because this is a reciprocal discipline proceeding we are required to grant due deference to the order issued by the Court of Appeals of Maryland. Although we are mindful of the fact that "there is

merit in the idea of granting due deference—for its sake alone—to the opinions and actions of a sister jurisdiction with respect to attorneys over whom we share supervisory authority," *In re Velasquez,* 507 A.2d 145, 147 (D.C.1986) (per curiam), we are obligated first to honor the policies of this jurisdiction. Consequently, given our position with regard to misappropriation of client funds, we do not find this argument persuasive on the facts of this case.

Respondent lastly claims that several "questions" raised by the Board regarding monitoring of probation and reinstatement in a reciprocal discipline case are unwarranted. We decline to address these concerns at this time, for they are not necessary to the disposition of the matter before us.

Board, with the period of probation commencing *nunc pro tunc* on May 5, 1987.

*So ordered.*