**In the Matter of Edward Norman REINER, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 90–SP–61.**

District of Columbia Court of Appeals.

Submitted Nov. 24, 1992.
Decided Dec. 18, 1992.

Before TERRY, STEADMAN and KING, Associate Judges.

PER CURIAM:

Before us are two reciprocal discipline cases involving respondent under D.C.Bar R. XI, § 11. One is Bar Docket No. 315–89, the *Perlowski* matter, and the other is Bar Docket No. 143–91, the *Pilson* matter.[1] In a single Report and Recommendation by the Board on Professional Responsibility covering both cases, the Board recommends that in the *Perlowski* matter, respondent be suspended for three years, *nunc pro tunc* to May 10, 1989, and that in the *Pilson* matter, respondent be suspended for one year, *nunc pro tunc* to November 18, 1988.[2] The Board recommends that both suspensions bear a requirement that respondent demonstrate his fitness to practice before being readmitted, pursuant to D.C.Bar R. XI, § 16. We accept the Board's recommendation.

 The Board's Report is lengthy and intricate because of the procedurally complex nature of the proceedings both in the foreign jurisdiction (Virginia) and here.[3] However, no exceptions or opposition have been filed to the Report and Recommendation either by respondent or by Bar Counsel, *see* D.C.Bar R. XI, §§ 9(e), 11(e), 11(g), and no briefs have been filed.[4] Because of the *nunc pro tunc* nature of the suspensions, the practical effect of the recommendation is to render respondent eligible to apply immediately for readmission. *See In re Reiner*, 561 A.2d 479, 483 n. 5 (D.C. 1989). A member of the Bar who is the subject of a pending disciplinary proceeding may acquiesce in a disbarment by consent, D.C.Bar R. XI, § 12, and we see no reason why an attorney who does not file any exceptions or opposition to a disciplinary recommendation by the Board should not, as a general rule, likewise be considered as having acquiesced in effect to the proposed sanction. *Cf. In re Solomon*, 599 A.2d 799, 801 (D.C.1991) ("An attorney who chooses not to participate in a disciplinary proceeding as it progresses through the system designed to protect that attorney's rights cannot reasonably expect that a presumption of prejudice will operate in the attorney's favor.")

 In reciprocal discipline matters where the Board recommends that identical discipline be imposed, this Court shall im-

1. When this court became aware of respondent's resignation from the Virginia bar while under investigation in connection with the *Perlowski* matter, see note 3 *infra*, an order was entered pursuant to D.C.Bar R. XI, § 11(d), temporarily suspending respondent in the District effective January 26, 1990. To date, respondent has remained in that status pending final resolution of the reciprocal disciplinary proceedings here.

2. In reciprocal discipline cases, we impose a suspension or disbarment *nunc pro tunc* when the affected attorney files an affidavit stating that he has not practiced law in the District of Columbia subsequent to the date to which the *nunc pro tunc* suspension retroactively runs. *See In re Goldberg*, 460 A.2d 982, 985 (D.C.1983) (when an attorney promptly notifies Bar Counsel of disciplinary proceedings in another jurisdiction and voluntarily stops practicing in the District of Columbia during the period of suspension in the original jurisdiction, concurrent suspension will be the norm); District of Columbia Court of Appeals Board on Professional Responsibility Rule 8.5(b). The reason for the Board's recommending two different dates for the two suspensions to begin was its view that the reciprocal disciplinary actions should operate *nunc pro tunc* to, but not earlier than, the beginning date of the discipline in the foreign jurisdiction. Respondent filed an affidavit pursuant to *In re Goldberg* stating that he had not practiced law in the District of Columbia subsequent to August 11, 1988.

3. The fundamental difficulty was that in Virginia, respondent was allowed to resign while disciplinary proceedings in the *Perlowski* matter were pending against him. The Virginia procedure for resignation in such circumstances was similar but not identical to D.C.Bar R. XI, § 12. (At the time of his resignation, respondent was already serving a one-year suspension arising out of the *Pilson* matter.) Therefore, the Board could not, strictly speaking, recommend that the "identical discipline" be imposed here as in Virginia. Instead, following a proceeding before a hearing committee which considered only the question of the appropriate sanction, the Board made a determination, based upon the Virginia proceedings, as to what the appropriate discipline in the *Perlowski* matter should be in this jurisdiction. *See In re Reid*, 540 A.2d 754 (D.C. 1988); D.C.Bar R., XI § 11(g). Although respondent questioned the appropriateness of using the *Reid* procedure in lieu of a full *de novo* hearing, he does not contest that issue here, and we therefore see no need to address the point.

4. Respondent did, albeit belatedly, participate in the proceedings before the hearing committee and the Board in the *Perlowski* matter.

pose such discipline "unless *the attorney* demonstrates, or the Court finds on the *face of the record* on which the discipline is predicated, by clear and convincing evidence," that one of the grounds stated in the rules for not imposing such discipline exists. D.C.Bar R. XI, § 11(f) (emphasis added). Where the Board recommends a different discipline from that imposed in the foreign jurisdiction but based upon the foreign proceedings, as here, no express standard to govern this court's review of the Board's recommendation is set forth.[5] However, we may fairly be guided by both the foregoing standard applicable to the imposition of identical discipline and the standard by which we review Board recommendations in original disciplinary actions; *viz.*, that we "shall accept the findings of fact made by the Board unless they are unsupported by substantial evidence of record, and shall adopt the recommendation disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." D.C.Bar R. XI, § 9(g).[6]

Here, the attorney affected does not suggest that the findings of the Board are unsupported by the record or make any attempt to demonstrate that the recommended discipline is not in accord with the criteria for proceedings based upon foreign disciplinary proceedings or would foster a tendency toward inconsistency, and we find nothing on the face of the record to suggest otherwise.[7] Under all the circumstances of this case before us and for the reasons discussed above, we accept the recommendation of the Board. Accordingly, it is

ORDERED that respondent be suspended from the practice of law in the District of Columbia for three years, *nunc pro tunc* to May 10, 1989, and for one year, *nunc pro tunc* to November 18, 1988, with reinstatement in each case to be subject to proof of rehabilitation and the other requirements of D.C.Bar R. XI, § 16.

---

5. As in the case where identical discipline is recommended, *see* D.C.Bar R. XI, § 11(e), when the Board recommends a different discipline from the foreign jurisdiction, the rules provide that an attorney may, within thirty days after service of the Board's recommendation, "file with the Court an opposition to the recommendation stating specific reasons why the imposition of [the non-identical] reciprocal discipline would be unwarranted." D.C.Bar R. XI, § 11(g). As already indicated, no such filing was made by respondent here.

6. Where in a reciprocal disciplinary proceeding the Board recommends discipline substantially different from that imposed in the foreign jurisdiction, "we are not required ... to accord such a recommendation the deference we normally would in a nonreciprocal discipline proceeding." *In re Reid, supra,* 540 A.2d at 757 (emphasis in original). However, normally "there seems little reason why the Board's recommended sanction should *not* be accorded the same weight as it would in the nonreciprocal

discipline context." *Id.* at 758 n. 4. We need not explore here whether, in the case before us, the Board is imposing "substantially different" discipline than in Virginia, or is simply trying to equate the discipline here with that effectively imposed in Virginia. *Cf. In re Coury,* 526 A.2d 25 (D.C.1987). Under any standard of review, we adopt the Board's recommendation under the circumstances here.

7. Respondent has been the subject of prior reciprocal discipline in this jurisdiction, *see In re Reiner, supra,* and the subject of four previous disciplinary violations in Virginia. The pending *Perlowski* matter involved serious charges of misrepresentations, nondisclosure and neglect. The *Pilson* suspension involved, *inter alia,* respondent's continuing to practice law after suspension and failing to notify his client of his suspension. The Board analogized respondent's misconduct and disciplinary history to that in *In re Haupt,* 422 A.2d 768 (D.C.1980) (three-year suspension), and *In re Washington,* 541 A.2d 1276 (D.C.1988) (four-year suspension).