In re Douglas L. PIERSON, Respondent,

A Member of the Bar of the District of Columbia Court of Appeals.

No. 92–SP–388.

District of Columbia Court of Appeals.

Submitted May 6, 1993.

Decided May 24, 1993.

---

7. The term "Juvenile Act" is used in our caselaw, although not in the D.C.Code. *See, e.g., In* re *A.A.I.*, 483 A.2d 1205, 1209 (D.C.1984).

**1230**

Before FERREN, STEADMAN and KING, Associate Judges.

### ORDER

PER CURIAM.

Respondent surrendered his license to practice law in Virginia while charges of misappropriation of client funds and other disciplinary violations were pending against him. The Board on Professional Responsibility, noting correctly that such proceedings may form the basis for reciprocal discipline, *see In re Reiner,* 617 A.2d 984 (D.C.1992), recommends that respondent be disbarred pursuant to *In re Addams,* 579 A.2d 190 (D.C.1990). Respondent has filed no exceptions or opposition to the recommendation and appears to have taken no part in the proceedings before the Board. Accordingly, there appearing to be no reason why the recommendation of the Board should not be adopted, it is

ORDERED that respondent be, and he hereby is, disbarred from the practice of law in the District of Columbia.[1]

---

1. Respondent has been suspended from the practice of law in the District of Columbia pending final disposition of this proceeding, pursuant to an order of this court of April 8, 1992, entered under D.C. Bar R. XI, § 11(d). Respondent's attention is called to the provisions of D.C. Bar R. XI, § 14 and § 16(c), dealing with the responsibilities of suspended and disbarred attorneys and the effect of noncompliance on the timing of eligibility for reinstatement.