**In re John E. DRURY, III, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 92–BG–1210.**

District of Columbia Court of Appeals.

Argued January 6, 1994.

Decided March 10, 1994.

Leonard H. Becker, Washington, DC, for the Office of Bar Counsel. Joan L. Goldfrank, Executive Atty., Washington, DC, for the Bd. on Professional Responsibility.

David Epstein, Washington, DC, for respondent.

Before STEADMAN, SULLIVAN and PRYOR, Associate Judges.

PER CURIAM:

This reciprocal discipline case comes to us from the Board on Professional Responsibility ("the Board"), which recommended that respondent be suspended from the practice of law for nine months [1] after having been publicly reprimanded in Virginia for violating its disciplinary rules. Respondent seeks reversal of the Board's recommendation and requests that identical discipline be imposed against him or the matter be remanded to the Board for a *de novo* proceeding in the alternative. We remand to the Board for further proceedings.

## I. The Facts

Respondent's misconduct in Virginia arose from his representation of James G. Fincham in two criminal trials in which Fincham was convicted. Following a successful motion to reduce sentence, respondent filed a Notice of Appeal of Fincham's convictions. However, the respondent's failure to comply with procedural rules resulted in the dismissal of his client's appeal. Although Fincham was able to regain his right to appeal, the respondent again failed to follow the procedural rules in order to preserve his client's appellate rights and the appeal was dismissed for the second time. During a portion of the time that respondent represented Fincham, he was suspended from the practice of law in Virginia. Despite respondent's suspension, he failed to: (1) inform Fincham of his suspension, (2) notify the Court of Appeals of his suspension, and (3) withdraw as counsel. Based on these circumstances, the Eighth District Subcommittee of the Virginia State Bar ("the Subcommittee") found that respon-

---

**1.** The Board also recommended that the respondent be required to prove his fitness before rein-    statement.

dent violated disciplinary rules 2–108 and 6–101.[2] The Subcommittee publicly reprimanded respondent with terms[3] based upon a negotiated settlement of the charges and forwarded a copy of its order to this Court.

By order, this Court directed the respondent to show cause to the Board why reciprocal discipline should not be imposed against him in the District. In addition, the Board was directed to recommend, whether, without more, reciprocal discipline should be imposed or whether it would elect to proceed *de novo* under D.C.Bar R. XI, § 8. Bar Counsel filed a statement with the Board which requested the imposition of reciprocal discipline against respondent with no recommendation for a greater sanction. Following this statement, the Board forwarded a letter to respondent which indicated that he had an opportunity to respond to Bar Counsel's statement. As respondent did not contest the imposition of reciprocal discipline, he did not file any pleading with the Board. In February 1993, the Board issued its Report and Recommendation in which it found that the sanction imposed by Virginia was substantially different from that which was warranted in the District, and recommended a nine-month suspension from the practice of law with a requirement that respondent prove his fitness prior to reinstatement.[4]

Respondent contends that (1) this court lacks the authority to increase a sanction in a reciprocal discipline case; (2) he was denied due process because he was not given notice that a reciprocal discipline proceeding could result in greater discipline; and (3) respondent's psychological condition warrants remand or a suspension of the sanction.

## II. Rule XI, § 11(c)

■ In light of the fact that the reciprocal discipline provision set forth in Rule XI § 11(c) was revised following our decision in *In re Reid,* 540 A.2d 754 (D.C.1988) (per curiam), we find it appropriate to address the relevant amendments to this rule. The present rule provides:

**(c) Standards for reciprocal discipline.**[5]

---

2. The Subcommittee referred to the Disciplinary Rules of the Revised Code of Professional Responsibility as adopted by Virginia. The Subcommittee found that respondent violated the following rules:

    DR 2–108. **Terminating Representation.**
    (A) Except as stated in paragraph (C), a lawyer shall withdraw from representing a client if:
    (1) Continuing the representation will result in a course of conduct by the lawyer that is illegal or inconsistent with the Disciplinary Rules....
    DR 6–101. **Competence and Promptness.**
    (A) A lawyer shall undertake representation only in matters in which:
    (1) The lawyer can act with competence and demonstrate the specific legal knowledge, skill, and efficiency, and thoroughness in preparation employed in acceptable practice by lawyers undertaking similar matters, or
    (2) The lawyer has associated with another lawyer who is competent in those matters.
    (B) A lawyer shall attend promptly to matters undertaken for a client until completed or until the lawyer has properly and completely withdrawn from representing the client.
    (C) A lawyer shall keep a client reasonably informed about matters in which the lawyer's services are being rendered.
    Va.R., Pt. 6, § II, DR 2–108(A)(1) and DR 6–101 (1993 Repl.).
    Similarly, the Board found that respondent's misconduct in Virginia would constitute violations under DR 6–101(A)(3) and DR 2–110(B)(2) which then governed in the District.

3. "Terms" refer to the "conditions imposed by the Subcommittee ... on the Respondent by which the Respondent is required to perform certain remedial actions as a condition predicate for the dismissal of Charges of Misconduct or the imposition of a private or public reprimand under such rules as are prescribed by Council." Va.R., Pt. 6, § IV (1993 Repl.).

    Respondent was offered the opportunity to receive a public reprimand for his ethical violations provided he satisfy the following terms: (1) participate in and satisfactorily complete a treatment program with a licensed psychologist; (2) successful completion of two Continuing Legal Education seminars offered by the Virginia Law Foundation on Trial Practice and Appellate Practice; (3) receive an adjusted score of 75 or higher on the Multistate Professional Responsibility Examination; (4) agree to consult with a Virginia attorney in good standing; (5) create and implement a docket control system; and (6) submit to spot checks by an investigator of the Virginia State Bar.

4. The Board recommended a greater sanction pursuant to D.C.Bar R. XI, § 11(c)(4) (1993).

5. This part of the rule, revised effective September 1, 1989, formerly provided:

    **"(5) Discipline to be imposed.** Upon the expiration of 30 days from service of the notice ..., this Court shall impose the identical discipline unless Bar Counsel or the attorney demon-

Reciprocal discipline shall be imposed unless the attorney demonstrates, by clear and convincing evidence, that:

(1) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistently with its duty, accept as final the conclusion on that subject; or

(3) The imposition of the same discipline by the Court would result in grave injustice; or

(4) The misconduct established warrants substantially different discipline in the District of Columbia; or

(5) The misconduct elsewhere does not constitute misconduct in the District of Columbia.

D.C.Bar R. XI § 11(c) (1993).

Respondent relies upon the amended section of the rule to support his contention that this court is without authority to impose a greater sanction than that which he received in Virginia. However, we must reject this contention as our authority to deviate from imposing identical discipline resides in § 11(f) of the revised rule.[6] Section 11(f) provides:

"The Court shall impose identical discipline unless the attorney demonstrates, or the

strates, or the Court finds upon the face of the record upon which the discipline is predicated, that clearly...."
D.C.Bar R. XI § 18(5) (1986).

**6.** Similarly, we also note that section 11(g) which is captioned "Action when reciprocal discipline is not recommended" provides that the Board may "conclude[ ] that reciprocal discipline should not be imposed." D.C.Bar R. XI § 11(g) (1993). Thus, the amended rule also provides that the Board may recommend a greater sanction to be imposed if the attorney misconduct warrants substantially different discipline in the District. A possible source of confusion both in § 11 generally and in implementing documents is that the concept of "reciprocal discipline" may be read in two different senses, that is, sometimes as meaning *identical* discipline and sometimes as meaning that discipline here is imposed *on the basis of* the foreign discipline but, typically, with a different sanction.

Court finds on the face of the record on which the discipline is predicated, by clear and convincing evidence, that one or more grounds set forth in subsection (b) [sic] of this section exists. If the Court determines that the identical discipline should not be imposed, it shall enter such order as it deems appropriate, including referral of the matter to the Board for its further consideration and recommendation."

D.C.Bar R. XI, § 11(f) (1993).[7]

Moreover, we note that we have, on occasion, imposed greater sanctions under the revised section. *See In re Larsen,* 589 A.2d 400 (D.C.1991) (per curiam) (disbarment substantially different from indefinite suspension); *In re Mahoney,* 602 A.2d 128 (D.C.1992) (suspension is substantially different from a reprimand with probation). Therefore, respondent's contention that he is the only person that can challenge the imposition of identical discipline is unpersuasive.[8]

### III. Respondent's Procedural Challenge

Respondent claims he was denied due process in this jurisdiction because he was not fairly notified that a greater sanction could result from the reciprocal discipline proceeding. He states that he reasonably believed that identical discipline would be imposed against him based upon the amended language in Rule XI § 11 and the Bar Counsel's recommendation for identical reciprocal discipline.[9] Although the Board contends that respondent had no reason to believe that

**7.** We have recognized that this section of the revised rule is intended to refer to subsection (c). *See In re Garner,* 576 A.2d 1356, 1357 n. 2 (D.C.1990) (per curiam).

**8.** Similarly, we are not persuaded by respondent's contention that *In re Reid* has no bearing on the instant case merely because the reciprocal discipline rule was amended after the *Reid* decision. On the contrary, we think that the procedure sanctioned by *Reid,* whereby the Board may recommend a different sanction to us without the necessity for a *de novo* hearing, is equally permissible under the revised rule.

**9.** After reviewing the record of respondent's case and recognizing previous Board decisions where it imposed a reciprocal public reprimand based upon a Virginia Subcommittee's reprimand, Bar Counsel found that respondent's misconduct warranted identical reciprocal discipline.

identical discipline would be imposed in his case, the amendments to Rule XI § 11(c) coupled with the particular circumstances of this case suggest otherwise.

We have recognized that, in general, the amended rule strongly supports the presumption that the same reciprocal discipline should be imposed. *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992). This presumption derives in part from the fact that "another jurisdiction has already afforded the attorney a disciplinary procedure that includes notice, an opportunity to be heard, sufficient proof of misconduct, and a determined sanction. [Thus,] there is no need for a de novo repetition of the entire process. . . ." *In re Velasquez,* 507 A.2d 145, 147 (D.C.1986) (per curiam). Furthermore, the presumption of imposing the same reciprocal discipline also comports with our notion of "granting due deference . . . to the opinions and actions of a sister jurisdiction with respect to attorneys over whom we share supervisory authority." *Id.*[10]

We also observe that the present rule omits Bar Counsel as one of the formal participants who can challenge the imposition of identical reciprocal discipline.[11] Moreover, the rule places a "clear and convincing evidence" burden upon the attorney to show why the same reciprocal discipline is not warranted. Thus, the combination of these amendments demonstrates a conscious effort by the drafters to presume similar reciprocal discipline should be imposed unless the circumstances warrant a different result.

 We acknowledge that in *Zilberberg,* we relied only upon the record from the foreign jurisdiction in determining whether the misconduct warrants substantially different discipline in the District. This becomes of particular significance in light of the fact that this record comes to us as a consequence of a negotiated settlement. Given the presumption in favor of identical discipline, the form of the show cause order that was issued by this court, the fact that Bar Counsel supported identical discipline, the Board's correspondence to respondent regarding Bar Counsel's recommendation, the wording of the present rule, and the nature of the foreign jurisdiction's record, we conclude that, now with knowledge that the Board may recommend an increased sanction as well as identical discipline or a lesser sanction,[12] respondent is entitled, as a matter of fairness, to a renewed opportunity to respond to the show cause order and to the letter from the Board in accordance with the applicable rules of this Court and of the Board, and to further consideration by the Board of the appropriate course of action and recommendation in light thereof.[13] Accordingly, we remand this case to the Board for further proceedings consistent with this opinion.

*So Ordered.*

---

10. We further elaborated: "Put another way, in dealing with proceedings involving our jurisdiction alone, we concern ourselves with inconsistent dispositions of cases involving comparable conduct by different attorneys. In a reciprocal discipline proceeding, we also must factor in the effect of an inconsistent disposition involving identical conduct by the same attorney." *Velasquez, supra,* 507 A.2d at 147.

11. We do not think, however, that this precludes Bar Counsel from playing any part in the resolution of reciprocal discipline matters. The general powers and duties of Bar Counsel encompasses the investigation and prosecution of all matters involving attorney misconduct complaints. D.C.Bar R. XI § 6(a) (1993). Both the Board and this Court are entitled to hear the views of Bar Counsel in carrying out their respective functions in all aspects of the operation of the disciplinary system.

12. Since this opinion makes clear the correct interpretation of our rule and practices with respect to reciprocal discipline, attorneys who are in the future the subject of show cause orders from this court, and who are invited by the Board to submit a response to the Board, shall be deemed to have knowledge of the possibility of a greater sanction and hence shall not be afforded the second opportunity of comment provided herein to respondent.

13. Respondent's further contention that his psychological condition warrants remand or suspension of the sanction need not be addressed, given our decision to remand. We see no basis here to adopt the suggestion in the brief of the Board that respondent be suspended pending the final outcome of this matter.