In re Richard A. HINDEN, Respondent.

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 92–BG–1490.**

District of Columbia Court of Appeals.

Submitted Jan. 4, 1995.

Decided Jan. 17, 1995.

Before: TERRY and KING, Associate Judges, and GALLAGHER, Senior Judge.

---

10. *See supra* note 7.

ORDER

PER CURIAM.

Respondent, Richard A. Hinden, an attorney licensed to practice law in Illinois and the District of Columbia, was publicly censured by the Supreme Court of Illinois for plagiarizing. The discipline arose out of respondent's authoring of a fifty-six page chapter in a legal treatise of which approximately twenty-three pages were copied verbatim or substantially verbatim from the article of another author. The Supreme Court of Illinois publicly censured respondent.

The Board of Professional Responsibility (the Board) has recommended that reciprocal discipline be imposed in the form of a public censure. The Rules Governing the Bar, specifically Rule XI, Section 11(f), provide for the imposition of identical discipline unless one of five exceptions, not pertinent here, apply.[1] Essentially for the reasons set forth in the Report and Recommendation of the Board, a copy of which is set forth as an appendix to this order, we conclude that reciprocal discipline should be imposed and that respondent should be publicly censured. Therefore, it is

ORDERED that respondent, Richard A. Hinden, be, and he is hereby, publicly censured.

APPENDIX

DISTRICT OF COLUMBIA COURT OF APPEALS BOARD ON PROFESSIONAL RESPONSIBILITY

In the Matter of:

Richard A. Hinden,

Respondent.

Docket No. 518–92

REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY

Respondent is a member of the Bar for the District of Columbia[1] and the State Bar of

Illinois. By Order dated September 29, 1992, the Supreme Court of the State of Illinois publicly censured Respondent. The District of Columbia Court of Appeals referred this matter to the Board for whatever action it deems appropriate.

Bar Counsel filed a Statement with the Board urging the imposition of reciprocal discipline, a public censure by the Court.

Respondent did not participate in the proceeding before the Board although invited by the Court and the Board to show cause why identical discipline should not be imposed.

The Board has reviewed this matter in light of the standards for the imposition of reciprocal discipline set forth in Rule XI, § 11(c) and concluded that the misconduct here warrants the imposition of the identical discipline in this jurisdiction. The Board recommends that the Court publicly censure Respondent.

ILLINOIS PROCEEDINGS

Respondent is a partner in a Chicago, Illinois law firm and is the head of the firm's health care practice group. In 1988, Respondent was invited to author a chapter in a legal treatise dealing with liability issues for alternative health care delivery systems. Respondent prepared himself for writing the chapter by reviewing various journals, articles and opinions written by others. One article to which Respondent directed his attention was entitled "Preferred Provider Organization Liability for Physician Malpractice", written by Catherine M. Butler (hereinafter referred to as the "Butler article"). The Butler article was published in the *American Journal of Law and Medicine*, volume 11, number 3 (1985).

In or about October 1988, Respondent submitted a fifty-six (56) page article to Callaghan & Company for publication as Chapter 22, "Alternative Health Care Systems" in a legal treatise entitled *Medical and Hospital Negligence*. Twenty-three (23) of the pages in Respondent's article contained approxi-

1. The exceptions are set forth in Rule XI, Section 11(c).

1. Respondent was suspended from the District of Columbia Bar in 1986 for the non-payment of dues and has not been reinstated.

mately one hundred forty-three sentences or about forty-three complete paragraphs copied verbatim or substantially verbatim from the Butler article without citation to Catherine Butler as the source of the ideas presented.

In 1989, Respondent's chapter was revised and updated and used as a handout in three separate seminar presentations. In 1990, a version of Respondent's chapter 22 was published as chapter 11 in an article published by American Housing Publishing, Inc. Also in 1990, Respondent's revised chapter was submitted to the original publishers, Callaghan & Company, as an update of Respondent's chapter 22.

In October 1990, the editor of the American Journal of Law and Medicine brought to Respondent's attention the striking similarity between the articles published by Callaghan & Company and the American Hospital Publishing, Inc. and Butler's article. Respondent acknowledged he had plagiarized from the Butler article and offered to write a letter of apology to Catherine Butler.

In July 1991, Respondent reported his misconduct to the Administration of the Attorney Registration and Disciplinary Commission and fully admitted to violating Rule 1–102(A)(4) of the Illinois Code of Professional Responsibility.[2] Respondent later consented to the imposition of the public censure by the Supreme Court of Illinois.

### DISCUSSION

Under Rule XI, § 11(c) of the court's Rules Governing the Bar, "[r]eciprocal discipline shall be imposed unless the attorney demonstrates, by clear and convincing evidence," that the case falls within one or more of five specifically enumerated exceptions. The rule thus creates a rebuttable presumption that the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction. *In re Zilberberg*, 612 A.2d 832 (D.C.1992), cf. *In re Drury*, 638 A.2d 60 (D.C.1994).

There is no evidence on the face of the record that indicates that any of the exceptions to the imposition of reciprocal discipline is applicable here. Respondent was accorded due process. The misconduct found in Illinois constitutes misconduct in this jurisdiction. See D.C.Code of Professional Responsibility, DR 1–102(A)(4). The imposition of the identical discipline would not result in a grave injustice.

We agree with the recommendation of Bar Counsel. A public censure is within the range of sanctions imposed by the D.C. Court of Appeals for violations of DR 1–102(A)(4). See, *In re Hadzi–Antich*, 497 A.2d 1062 (D.C.1985); In re Christmas, No. M–21–76 (D.C. June 2, 1979) (public censure for misrepresenting the status of case to clients); In re Molovinsky, No. M–31–79 (August 23, 1979) (sanction of public censure was imposed for making false statements to a judge). In *In re Hadzi–Antich*, the respondent was found to have submitted false information in a resume to a prospective employer. The sanction imposed for such conduct was a public censure. In arriving at the appropriate sanction, the D.C. Court of Appeals cited, among other cases, *In re Lamberis*, 93 Ill.2d 222, 66 Ill.Dec. 623, 443 N.E.2d 549 (1982), (respondent, a student enrolled in a graduate program, censured for plagiarizing two published works) a case relied upon by the State of Illinois Supreme Court when the original discipline was imposed.

Accordingly, the Board recommends that the Court impose reciprocal discipline and issue a public censure against Respondent.

BOARD ON PROFESSIONAL RESPONSIBILITY

By: _____

Johnny M. Howard

Dated: July 27, 1994

All members of the Board concur in this Report except Ms. Zumas and Mr. Cohen, who did not participate and Mr. Hart who

---

**2.** During the period of time that the misconduct occurred, the identical rule was in force in the District of Columbia. See D.C.Code of Professional Responsibility, DR 1–102(A)(4), now codified as D.C.Rules of Professional Conduct, Rule 8.

resigned from the Board prior to the issuance of this Report.